**Philip AGEE, Plaintiff,**

**v.**

**CENTRAL INTELLIGENCE AGENCY et al., Defendants;**

**United States of America, Intervening Defendant.**

**Civ. A. No. 79–2788.**

United States District Court,
District of Columbia.

April 2, 1980.

Melvin L. Wulf, New York City, William H. Schaap, Mark H. Lynch, Washington, D. C., for plaintiff.

Glenn Whitaker, Dept. of Justice, Washington, D. C., for defendants/counterclaimant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Agee, a former CIA official, filed a complaint on October 17, 1979, seeking documents he had previously requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1976), from the CIA, National Security Agency, Department of State and Department of Justice. On February 5, 1980, the United States moved to intervene as a defendant for the primary purpose of filing a counterclaim which the CIA lacks statutory authority to pursue. The United States proposed to seek injunctive and monetary relief against Agee by reason of his alleged past and prospective violations of a contract restricting his right to publish certain information relating to the CIA. On February 15, 1980, the movant-intervenor modified its position with respect to the nature of injunctive relief contemplated. On February 21, 1980, the Court granted intervention to the United States after considering the motion on the merits. It had not been opposed.

Agee now moves to vacate the Court's Order. It is undisputed that on February 12, Agee's counsel had reached an agreement with counsel for the United States, subject to the Court's approval, extending Agee's time to oppose the motion to intervene to February 25. This agreement was not brought to the Court's attention nor was it ever approved by the Court. Agee attempted to file the stipulated extension for the Court's approval on February 19, but this filing was properly returned by the Clerk without being accepted and without notice to the Court because the stipulation was not signed by local counsel as required by the local rules.[1]

At argument on his motion to vacate the Court's Order granting intervention, counsel for Agee stated that Agee had determined to abandon his FOIA suit prior to February 25, 1980, presumably shortly after the Supreme Court decided *Snepp v. United States*, 444 U.S. 507, 100 S.Ct. 763, 62

---

1. *See* Local Rule 1–4(a)(2), as applied by Memorandum from the Clerk of Court dated July 8, 1975. Agee's counsel has appeared previously in this Court on numerous occasions, and no issue arises as to his familiarity with this requirement of the local rules.

L.Ed.2d 704 (1980). That opinion vigorously sustained full enforcement of a Secrecy Agreement signed by a former CIA official who, like Agee, had accepted CIA restrictions on his right to publish at the time of his employment with the Agency. Agee hopes that favorable action on his motion to vacate will enable him to dismiss the FOIA suit with or without prejudice, leaving no pending action available for the intervention of the United States. Not surprisingly, the United States opposes the motion to vacate.

■ With regard to the merits of the intervention itself, the Court has now received a full brief from Agee and has heard oral argument on Agee's alternative motion asking the Court to reconsider its action granting intervention. After full re-examination, the Court continues to be of the view that permissive intervention should be allowed, Rule 24(b), Fed.R.Civ.P. The intervenor raises common questions of fact and law in its answer and counterclaim to the main action. Information obtainable through FOIA is directly implicated in the United States' counterclaim to enforce prospectively the prepublication clearance provision of Agee's Secrecy Agreement. The national security interests which the intervenor is charged with protecting are closely related to statutory exemptions invoked under FOIA. In short, the United States has far more than a "mere general interest" in the subject matter of this litigation. *See* 3B Moore, Federal Practice ¶ 24.10[2], 24–352 (2d ed. 1979). *See generally, Nuesse v. Camp*, 385 F.2d 694, 704–06 (D.C.Cir.1967); *Textile Workers Union of America v. Allendale Co.*, 226 F.2d 765, 769–70 (D.C.Cir. 1955), *cert. denied*, 351 U.S. 909, 76 S.Ct. 699, 100 L.Ed. 1444 (1956). Moreover, intervention will not delay or unduly complicate the FOIA action, which is progressing in orderly fashion towards probable cross-motions for summary judgment. Finally, it is clear that under the circumstances service on counsel was appropriate, Rule 24(c), Fed.

R.Civ.P., *see Berman v. Herrick*, 30 F.R.D. 9, 12–13 (E.D.Pa.1962), and that venue lies in the District of Columbia, where Agee's Secrecy Agreement was executed in 1957.[2]

■ Agee contends that the public interest is not well served by allowing the Government to counterclaim in FOIA actions, a process that it is argued would be harmful to the basic congressional policy of encouraging full disclosure of governmental records and information. This case, however, must be judged on its own special limited facts. The United States is not contending for a general right to intervene in FOIA actions. Instead, intervenor claims that Agee has demonstrated complete disregard for his contractual obligations with the Government and seeks Court aid against the CIA so that he can further flout his continuing legal responsibility under his Secrecy Agreement. Few, if any, other FOIA plaintiffs will be in similar circumstances. It is clear to the Court under all the facts found in affidavits of record that the public interest is served by intervention in this instance.

Thus the issue comes down to whether the Court in its discretion will set aside its prior action. To do so would repair the tactical disadvantage which Agee believes resulted from his failure to make a timely reply to the original motion to intervene. Agee's counsel was solely responsible for not bringing the stipulation properly into the Court for approval. He drafted it, he signed it for both parties, and he failed to comply with the Court rules. Moreover, as counsel for defendants points out, the FOIA proceedings have been pending in administrative or judicial form for some 26 months and have involved very substantial expenditures of time and effort by the federal agencies involved. Some documents have been supplied. Agee's requests for other documents are becoming ripe for resolution on schedules previously set by the Court. The withdrawal of his case with or without prejudice would give absolutely no guaran-

---

2. Agee lives in Germany and is not subject to service except by reason of his appearance through counsel in this Court.

tee that Agee himself or others working directly or indirectly on his behalf will not resurrect the same FOIA issues in slightly different form.

■ Apart from the Government's stated desire to have the FOIA case proceed to resolution on the merits, it is worth noting that the United States is no stranger to this ongoing litigation. The same Department of Justice attorney who has been representing the four agencies involved is also representing the United States. At a status conference on December 10, 1979, almost two months prior to filing his motion, he gave informal notice that he was considering intervention on behalf of the United States. By the time the motion was filed, there was no indication whatsoever that Agee intended to withdraw. Once intervention has been formally raised, it would be most inequitable in these circumstances to permit Agee to frustrate the Government's right by abandoning his suit. *See* Rule 41(a)(2), Fed.R.Civ.P.

The Court is not here concerned with an intervention by a functionally distinct third party. In point of fact there is no practical difference between the United States and the four agencies of the United States originally in the suit. Although the United States was not named a defendant, it has in effect been the real party in interest from the outset, represented by the Department of Justice and defending national security interests against Agee's efforts to force disclosure of certain documents. Agee's change of heart resulting from the *Snepp* decision came too late.

Under all the circumstances recited above, the motion to vacate the Court's Order of February 21, 1980, will be denied. The motion to reconsider said Order is also denied. If plaintiff desires to abandon his FOIA claim with prejudice, he may do so but the case will proceed in all other respects. The intervention of the United States having been granted, Agee will therefore be held before the Court.

SO ORDERED.