Philip AGEE, Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY, et al., Defendants,

United States of America, Intervening Defendant/Counterclaimant.

Civ. A. No. 79–2788.

United States District Court, District of Columbia.

Oct. 30, 1981.

Melvin L. Wulf, New York City, William H. Schaap, Washington, D. C., for plaintiff.

John B. Maclay, Kirk I. Victor, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Agee filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552 (1976), on October 17, 1979, against the Central Intelligence Agency, the Federal Bureau of Investigation,[1] the National Security Agency, the Department of State, and the Department of Justice, requesting "access to and copies of all files and records in the possession of each of the defendant agencies that pertained to, referred to, or in any way related to himself." In the course of responding to Agee's request the defendant agencies located numerous documents in their files, some of which originated in other agencies. Documents originating in other agencies were referred to the appropriate agencies for processing and direct response to Agee and the scope of the proceeding proliferated accordingly. The Court has dealt with each set of each agency's responses as it has become ripe. Three aspects of the matter remain unresolved and are dealt with in this Memorandum. An Appendix summarizing the final action taken with respect to the documents of each agency is appended.[2]

### I. *Department of Justice*

Agee has moved for partial summary judgment with respect to 21 documents originating in the Criminal Division and the Office of Privacy and Information Appeals of the Department of Justice. By letter dated October 8, approved and filed October 15, 1981, Agee asked to have an additional 16 documents redacted in part by the Criminal Division included in his motion. However, 8 of these 16 documents were already included in the 21 and 4 were released in their entirety. Thus, by Agee's request of October 8 only four new documents covered by the Department of Justice submissions are in dispute. The defendants have opposed Agee's motion for partial summary judgment and cross-moved for summary judgment as to these 25 documents. In view of the small number of documents involved the Court conducted an *in camera* inspection of each document.

 While Agee primarily attacks the Department of Justice's reliance on exemption (b)(5), some of the materials claimed to be exempt under (b)(5) are, in any event, properly claimed to be exempt under either exemption (b)(1) or (b)(3) or both. The documents for which exemption (b)(1) is claimed have been properly classified under Executive Order No. 12,065, as amended, see 50 U.S.C.A. § 401 note (1981 Supp.), to prevent unauthorized disclosure of information which reasonably could be expected to cause damage to United States national security. In other cases, material was withheld to protect Agency sources or methods, as mandated by section 403(d)(3) of Title 50. *See Weissman v. CIA*, 565 F.2d 692, 694 (D.C.Cir.1977). While some of the documents shed light on the legality or illegality of CIA's conduct, the (b)(1) or (b)(3) claims are not pretextual. Any possibility of illegal conduct on the part of the CIA does not defeat the validity of the exemptions claimed. (*See* Section II, *infra*).

 The remaining documents for which only exemption (b)(5) is claimed are protected since the materials are both predecisional and deliberative in character. *See Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980). They consist primarily of memoranda prepared by

---

1. By Order dated December 11, 1979, the Court dismissed the FBI as a party defendant with the understanding that the Department of Justice would respond to Agee's request for FBI materials.

2. The Appendix deals only with the FOIA aspects of this case. For the Court's disposition of other aspects of this case, see 500 F.Supp. 506 (D.D.C.1980) (injunction against Agee requiring him to comply with Secrecy Agreement with CIA); 87 F.R.D. 350 (D.D.C.1980) (granting motion of United States to intervene and denying Agee's request to dismiss his suit), *appeal dismissed without opinion*, No. 80–1553 (D.C.Cir., July 3, 1980). For a related proceeding see *Agee v. Vance*, 483 F.Supp. 729 (D.D.C.) (holding that Secretary of State lacks authority to revoke Agee's passport), *affirmed sub nom. Agee v. Muskie*, 629 F.2d 80 (D.C.Cir. 1980), *reversed sub nom. Haig v. Agee*, —— U.S. ——, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981).

attorneys for the Department of Justice discussing the legal aspects of the Agency's conduct, the possible impact of the discovery rules in the event of litigation, and other matters of a deliberative nature to assist subsequent policy decisions by higher officials. The documents disclose a continuing dialogue within and between Justice and CIA on how to deal with the various legal questions raised by the Agee matter. Thus, (b)(5) is properly claimed.

Agee's motion for partial summary judgment must be denied and the Department's cross-motion for summary judgment as to the 25 documents must be granted.

## II. *Reconsideration of CIA Order*

Agee has also moved for reconsideration of the Court's Order of July 17, 1981, 517 F.Supp. 1335, resolving the principal CIA aspects of this case.[3] By that Order the Court granted the CIA's motion for partial summary judgment except as to five documents which were ordered released and denied the plaintiff's motion for a more particularized justification of nondisclosure of CIA materials. Agee argues that the Court should reconsider its Order because the disclosed portions of the 25 documents covered in Section I, supra, indicate that the CIA may have acted illegally and violated Agee's civil rights during its counterintelligence investigation of his activities abroad.

The 25 documents include detailed summaries of many features of the CIA's counterintelligence effort. They reveal more fully than the Court's earlier *in camera* review of CIA documents selected by the Court at random the serious concerns arising from Agee's conduct and affiliations that prompted the Agency to initiate this continuing effort to anticipate and thwart Agee's apparent threats to national security. The Court also acknowledges that the documents describe aspects of the CIA's efforts which raise unanswered and in some respects serious questions as to the legality of the CIA's conduct. These two threads are tightly interwoven so that it is not possible to isolate facts bearing solely on possible illegalities from facts that are properly claimed to be exempt under (b)(1) or (b)(3).

 The permissible scope of CIA activity is subject to oversight by Congress and by the Courts in appropriate circumstances. The law is well established, however, that if documents have been conscientiously and properly classified in accordance with the provisions of Executive Order No. 12,065, the Court's inquiry under FOIA is at an end and the documents are protected from public disclosure. *See Lesar v. United States Department of Justice*, 636 F.2d 472, 483 (D.C.Cir.1980); *Kanter v. Department of State*, 479 F.Supp. 921, 926 (D.D.C.1979). This conclusion necessarily extends to national security information involving sources and methods which falls within the terms of exemption (b)(3). In determining whether exemption (b)(1) or (b)(3) have been properly invoked the Court must, of course, give appropriate weight to the Agency's expert determinations in the area of national security. *See Halperin v. CIA*, 629 F.2d 144, 147–48 (D.C.Cir.1980). The Court is satisfied that release of the 25 documents presently at issue or other CIA documents containing the same information could reveal Agency sources or methods and would seriously damage national security. While the Agency affidavits justifying classification do not deal directly with whether or not declassification at this stage would be appropriate to serve the public interest in disclosure as the Executive Order permits, it is obvious from the face of the papers that declassification in the middle of a counterintelligence effort directed at an active suspect could not satisfy this test.

Throughout consideration of the CIA's claim that the disputed documents are properly classified, the Court has had in mind Section 1–601 of Executive Order No. 12,-065, as amended, reading as follows:

Classification may not be used to conceal violations of law, inefficiency, or adminis-

---

**3.** CIA documents referred by CIA to other agencies or documents referred by other agencies to CIA are covered by other Orders.

trative error, to prevent embarrassment to a person, organization or agency, or to restrain competition.

There is no indication that the documents were classified for the purpose of concealing illegal conduct. Thus, the CIA papers at issue are properly protected under (b)(1). Indeed, they are doubly protected because of the CIA's special statutory exemption for documents relating to sources and methods provided by (b)(3).

The motion for reconsideration must be denied.

### III. Unopposed Submissions

Finally, defendants have moved the Court to enter judgment supporting the agencies' submissions as to which Agee has not objected. On July 15, 1981, the Court received a letter from Agee's counsel indicating that he would not be able to meet several of the deadlines set forth in the Court's Order of May 20, 1981. By Order dated July 15, 1981, the Court cancelled all deadlines that had been previously established for Agee, but advised that if Agee failed to move as to any response of an affected agency by October 1, 1981, judgment would automatically enter supporting the agency's claims. On October 20, 1981, the Court received a letter from Agee's counsel confirming that Agee had no objections to the latest round of agency submissions with the exception of the 25 documents discussed above. In view of Agee's decision not to contest the adequacy of most of the submissions, and since they are in any event complete and adequately supported, summary judgment must be entered for defendants with respect to those submissions to which Agee has not objected.

### APPENDIX

For the purpose of clarifying the extensive record in this case the Court provides the following outline of how each agency satisfied its obligations to Agee under the Freedom of Information Act. The agencies discussed include, in addition to the original named defendants in this action, the various agencies to which the defendants referred documents for processing and direct response to Agee.

### 1. Central Intelligence Agency

By Order dated July 17, 1981, the Court granted the CIA's motion for partial summary judgment except as to five documents which were ordered released, thereby resolving the CIA aspects of this case with the exception of documents referred by the CIA to other agencies containing CIA information or documents referred by other agencies to CIA. 517 F.Supp. 1335 (D.D.C. 1981).

The CIA referred documents for processing to the Department of State, the FBI, the Department of Justice, the Secret Service, the Internal Revenue Service, the Drug Enforcement Agency, the Air Force, the Defense Intelligence Agency, and the Office of Personnel Management.

In the course of its document search the Criminal Division of the Department of Justice found nine documents that had originated with CIA and referred these documents to the Agency for processing and direct response to Agee. The Agency withheld these documents in their entirety based on exemption (b)(1), (b)(3) or (b)(5). (Seventh Supplemental Affidavit of Louis Dube). The FBI referred documents to the CIA, and these documents were covered by the affidavit of John McMahon (Report to the Court, October 27, 1981). Agee has not raised any objections to these documents and accordingly summary judgment is granted to the CIA as to these documents.

### 2. National Security Agency

By Order dated July 17, 1980, the Court granted the National Security Agency's unopposed motion for summary judgment. NSA claimed that the documents it withheld were exempt under (b)(1), (b)(3) and (b)(5). (See Affidavits of Roy Banner). The Criminal Division referred some documents to NSA for processing and these were found to be duplicates of documents covered by the Court's July 17 Order (Report to the Court, October 27, 1981).

### 3. Department of Justice, Criminal Division

After a review of the documents in its own files, the Criminal Division released 51

documents in their entirety and withheld portions of 80 others. Portions withheld were claimed to be exempt under (b)(1) (Supplemental Declaration of F. Henry Habicht II), (b)(3) (Seventh Supplemental Affidavit of Louis Dube), and (b)(5) and (b)(6) (Declaration of E. Ross Buckley). Some of these documents contained information originated by the CIA which the CIA claimed was exempt under (b)(1). (Seventh Supplemental Affidavit of Louis Dube).

The Criminal Division referred documents to other agencies for processing and direct response, including the Department of State, the National Security Agency, the CIA, and various other components of the Department of Justice, including the FBI, the Civil Division, the Office of Privacy and Information Appeals and the Office of Intelligence Policy and Review. (Declaration of E. Ross Buckley).

The CIA referred six documents to the Criminal Division for processing, with the indication that CIA considered some of the documents to be protected in their entirety pursuant to exemption (b)(1), (b)(3) or (b)(5). (Second Supplemental Affidavit of Louis Dube). The Criminal Division released one of these documents in its entirety and five were withheld in their entirety based on exemption (b)(1), (b)(3) or (b)(5). (Declaration of Frederick Hess). In addition, the FBI referred one document to the Criminal Division which the Criminal Division withheld in part pursuant to (b)(6). (Declaration of E. Ross Buckley). Two items were referred to the Criminal Division by the Department of State and were released in their entirety. (Declaration of E. Ross Buckley, Exhibit D).

Agee moved for summary judgment with respect to 17 documents covered by Criminal Division submissions and by Order issued this day the motion was denied and the defendants' cross-motion granted. Since Agee did not object to the rest of the submissions of the Criminal Division, summary judgment was entered for defendants as to these documents.

### 4. Federal Bureau of Investigation

The FBI retrieved 227 documents from its files. Some of these were released in their entirety and others were redacted pursuant to exemption (b)(1) (Affidavit of Richard Staver) and exemptions (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E). (Affidavits of Hugh McMenamin and David Byerly). Some of these FBI documents also contained information originated by the CIA which the CIA claimed was exempt under (b)(1) and (b)(3). (Fifth Supplemental Affidavit of Louis Dube).

The FBI referred documents to the Department of State, the CIA, the Criminal Division and the IRS for processing and direct response to Agee. (Affidavit of Hugh McMenamin).

A total of 11 FBI-generated documents were retrieved by the CIA and referred to the FBI for processing and direct response. These were withheld either in whole or in part pursuant to exemptions (b)(1), (b)(3) and (b)(7)(C). (Affidavits of Richard Staver and David Byerly and Fifth Supplemental Affidavit of Louis Dube).

On September 1, 1981, the FBI filed a supplemental affidavit relating to 25 documents referred to the FBI by the Criminal Division of the Department of Justice. (Affidavit of Michael Roman). Twenty-two of these documents were duplicates of documents addressed in the earlier Byerly affidavit, two were outside the scope of Agee's request, and one was released in its entirety.

Agee has not objected to any of the FBI's submissions and therefore summary judgment is granted the FBI.

### 5. Department of Justice, Civil Division

The Criminal Division referred eight documents to the Civil Division for processing and direct response. Seven of these documents were released in their entirety and one was withheld in part pursuant to exemption (b)(5). (Declaration of Jean Kornblut). Since Agee has raised no objection, summary judgment will be granted in favor of the Civil Division.

### 

### 6. *Department of Justice, Office of Privacy and Information Appeals*

The Criminal Division referred 41 documents to the Office of Privacy and Information Appeals for direct response. (Declaration of Richard L. Huff). Some of these documents were released in their entirety and others were redacted in part pursuant to exemption (b)(1) (Declaration of F. Henry Habicht II) and exemption (b)(5) (Declaration of Richard L. Huff). In addition, the CIA redacted CIA-originated information contained in these documents pursuant to exemption (b)(1) or (b)(3). (Sixth Supplemental Affidavit of Louis Dube).

By his motion for partial summary judgment Agee objected to the nondisclosure of eight of these documents, and by Order issued this day the claimed exemptions are upheld. Since Agee did not object to the rest of the submissions of the Office of Privacy and Information Appeals, defendants' motion for summary judgment is granted with respect to these documents.

### 7. *Office of Intelligence Policy and Review*

One document was referred by the Criminal Division to the Office of Intelligence Policy and Review and a portion of this document was withheld pursuant to exemption (b)(1). (Declaration of F. Henry Habicht II).

### 8. *Department of State*

The Department of State reviewed numerous documents in response to Agee's request. Three hundred thirty-eight documents were released in full, 61 were released in part and 53 were withheld in their entirety. (Affidavit of Clayton McManaway and Supplemental Affidavit of Frank Machak). Portions withheld were claimed to be exempt under (b)(1), (b)(3), (b)(5) or (b)(6), or were found not to be within the scope of Agee's request. Documents originating in other agencies were referred to those agencies for processing and direct response to Agee. (Affidavit of Frank Machak and Second Affidavit of Frank Machak).

A total of 196 documents were referred to the Department of State by the CIA for direct response, with certain information redacted by the CIA pursuant to exemption (b)(1) or (b)(3) (Second Supplemental Affidavit of Louis Dube). Of these, the Department found that 107 were duplicates of documents previously retrieved by the Department, 68 were released in full, 12 were released in part, and 9 were denied in their entirety. (Second Affidavit of Frank Machak).

The Criminal Division referred eight documents originated by the Department of State to the Department for processing. Four of these documents were duplicates and the remaining four were found to post-date Agee's request and therefore to be outside the scope of his request. (Supplemental Affidavit of Frank Machak).

The FBI referred 17 documents originated by the Department of State. Four of these documents were released in full, 11 were duplicates of documents previously reviewed and 2 were denied in part pursuant to exemption (b)(1) or (b)(3). (Affidavit of Frank Machak).

One document was referred to the Department of State by the National Security Agency and was processed together with other Department documents. (Second Affidavit of Frank Machak).

Since Agee has raised no objection to the State Department submissions, summary judgment will be granted in favor of the State Department.

### 9. *Secret Service*

One document was redacted by the CIA based on exemption (b)(1) or (b)(3) (Second Supplemental Affidavit of Louis Dube), and was referred to the Secret Service for processing. The Secret Service redacted portions of the document based on (b)(2), (b)(5) and (b)(7)(D) (Affidavit of Myron Weinstein). As a result, the document was withheld in its entirety.

Since Agee has raised no objection, summary judgment is granted to the Secret Service.

**10.** *Drug Enforcement Agency*

Fifteen pages were referred by the CIA to the Drug Enforcement Agency for processing, with certain portions redacted based on (b)(1) and (b)(3). (Second Supplemental Affidavit of Louis Dube). The DEA released seven pages with excisions based on exemptions (b)(1), (b)(2), (b)(3), (b)(7)(C), (b)(7)(D) and (b)(7)(F). Eight pages were withheld in their entirety. (Affidavit of Thomas Wingate). One DEA document was located by the CIA which contained FBI-generated information; the FBI information was withheld pursuant to exemption (b)(1). (Affidavit of David Byerly).

Since Agee has raised no objection, summary judgment is granted to the DEA.

**11.** *Agency for International Development*

*Air Force*

*Defense Intelligence Agency*

*Internal Revenue Service*

*International Communications Agency*

*Office of Personnel Management*

The CIA referred documents to the above agencies for processing. The agencies released all of these documents to Agee in their entirety. (Second Supplemental Affidavit of Louis Dube; Report to the Court, October 27, 1981).